173-07A/WLJ
FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY
S.A.
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
William L. Juska, Jr. (WJ0772)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MEKS TRUSTLINK (PRIVATE) NIGERIA
LIMITED AND EMMANUEL UZOR,     07 CV 8345 (AKH)
                               ECF CASE
                    Plaintiffs,

- against -

                                           **ANSWER**

M/V MSC NAPOLI, her engines, tackle,
boiler, etc. in rem, METVALE LIMITED,
METVALE LIMITED PARTNERSHIP, and
MEDITERRANEAN SHIPPING COMPANY
S.A., in personam,

                    Defendants.
-----------------------------------------------------------x

Defendant, MEDITERRANEAN SHIPPING COMPANY S.A., hereinafter "MSC"), by its attorneys, Freehill, Hogan & Mahar LLP, responding to the Amended Complaint of the Plaintiffs herein, alleges upon information and belief as follows:

1.  Admits the allegations contained in paragraph 1 of the Complaint.

2.  Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 2 of the Complaint.

3.  Admits that MSC was and still is a business entity duly organized and existing under and by virtue of the laws of a foreign nation, that it is engaged in

business as a common carrier of merchandise by water for hire and that it was a charterer of the vessel M/V MSC NAPOLI but, except as so specifically admitted, denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Admits that MSC received a sealed container on or about December 28, 2006 at New York said to contain cartons of toiletries and printers, which was received on board the vessel for shipment for delivery to the port of destination in consideration of certain agreed freight charges subject to the terms of the governing MSC bill of lading, MSC bill of lading Number MSCUNW507395, but, except as so specifically admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph 4 of the Complaint.

5. Admits that the vessel did not arrive at the port of destination but, except as so specifically admitted, denies knowledge or information sufficient to form a belief as to whether the shipment was delivered or, if delivered, the condition of said shipment when it was delivered.

6. Denies the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 8 of the Complaint.

9. Admits that $250,000 has been demanded, but except as so

specifically admitted, denies the remaining allegations contained in paragraph 9 of the Complaint.

## AS AND FOR MSC's AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

10. The Complaint fails to state a claim against MSC upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

11. The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

12. The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper,

consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which MSC is not liable by virtue of said dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment.

### FOURTH AFFIRMATIVE DEFENSE

13. Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to MSC, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not MSC.

### FIFTH AFFIRMATIVE DEFENSE

14. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by MSC, and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of MSC.

### SIXTH AFFIRMATIVE DEFENSE

15. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf, including a failure to mitigate the damages properly.

### SEVENTH AFFIRMATIVE DEFENSE

16. The Plaintiff is not the real party in interest to this suit.

### EIGHTH AFFIRMATIVE DEFENSE

17.   Plaintiff failed to give timely notice of this claim.

### NINTH AFFIRMATIVE DEFENSE

18.   Any liability of MSC, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, service contracts, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

### TENTH AFFIRMATIVE DEFENSE

19.   Peril of the sea, latent defect and/or error of management.

### ELEVENTH AFFIRMATIVE DEFENSE

20.   This action is duplicative of a claim filed by plaintiffs is a limitation proceeding commenced in the United Kingdom by defendants.

WHEREFORE, Defendant MSC prays:

1.   That a decree be entered dismissing Plaintiff's Complaint and that MSC be awarded all costs, expenses and attorney fees incurred in connection with the defense of the Complaint;

2.   That if any liability be found against MSC, such liability be limited to $500 per package or other limitations set forth in the governing contract(s) of carriage or as provided by law; and

3. That this Court grant MSC such other and different relief as it may deem just and proper in the premises.

Dated: New York, New York
April 9, 2009

        FREEHILL, HOGAN & MAHAR LLP
        Attorneys for Defendant
        MEDITERRANEAN SHIPPING COMPANY S.A.

By: _____
WILLIAM L. JUSKA, JR. (WJ0772)
80 Pine Street
New York, New York 10005-1759
(212) 425-1900

TO: HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600
Attention: Thomas E. Willoughby C. Leland (TW4452)
Your Ref: 29461-2-TEW

TISDALE LAW OFFICES, LLC
Attorneys for Defendants
METVALE LIMITED and
METVALE LIMITED PARTNERSHIP
11 West 42nd Street, Suite 900
New York, New York 10036
(212) 354-0025
Attention: Thomas L. Tisdale
Your Ref.: 08-1819

6

NYDOCS1/302331.1