UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEKS TRUSTLINK (PRIVATE) NIGERIA
LIMITED and EMMANUEL UZOR,

          Plaintiffs,                                 Docket #: 07 Cv 8345 (AKH)

    -against-

M/V MSC NAPOLI, her engines, tackle, boiler, etc., METVALE LIMITED, METVALE LIMITED PARTNERSHIP, and MEDITERRANEAN SHIPPING COMPANY S.A., *in personam*,

          Defendants.

**ANSWER OF METVALE LIMITED AND METVALE LIMITED PARTNERSHIP WITH AFFIRMATIVE <u>DEFENSES</u>**

------------------------------------------------------------X

        Defendants Metvale Limited and Metvale Limited Partnership ("Metvale Defendants"), by and through their attorneys, Tisdale Law Offices, LLC, as and for their Answer to the Amended Complaint dated October 16, 2007, hereby state as follows:

        1.     Admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (a) in that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

        2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph of the Amended Complaint.

        3.     Admit that at and during all the times hereinafter mentioned, Metvale Defendants had and now have the legal status and offices and places of business stated in Schedule A and were and now are engaged in business as carriers of merchandise by water for hire and owned and managed, respectively, the above named vessel, but except as so admitted, deny the remainder of the allegations contained in the third paragraph of the Amended Complaint.

4.  On or about the dates and at the port of shipment stated in Schedule A, there was delivered to the Defendant Mediterranean Shipping Company S.A. ("MSC") one container, Container TGHU8649009, which the MSC received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A, under MSC bill of lading MSCUNW507395, but except as so admitted, deny the remainder of the allegations contained in the fourth paragraph of the Amended Complaint.

5.  Deny the allegations contained in the fifth paragraph of the Amended Complaint.

6.  Deny the allegations contained in the sixth paragraph of the Amended Complaint.

7.  Deny the allegations contained in the seventh paragraph of the Amended Complaint.

8.  Deny the allegations contained in the eighth paragraph of the Amended Complaint.

9.  Deny the allegations contained in the ninth paragraph of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

10.  Plaintiff's Amended Complaint fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

11.  Plaintiff is not a real party-in-interest.

## THIRD AFFIRMATIVE DEFENSE

12. The said shipment was transported on the said vessel and was discharged and delivered subject to the bill of lading issued therefor, and tariff by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss and/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act, and/or The Hague Rules and/or similar legislation and/or provisions of the said bill of lading and/or tariff and/or other applicable provisions of the contract of carriage or of law.

## FOURTH AFFIRMATIVE DEFENSE

13. The United States Carriage of Goods by Sea Act provides in § 1304 thereof, among other things, as follows:

> "(2)  Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from-
> ******
> (b)  Fire, unless caused by the actual fault or privity of the carrier;
>
> (c)  Perils, dangers and accidents of sea or other navigable waters;
>
> (d)  Act of God;
>
> (i)  Act of omission of the shipper or owner of the goods, his agent or representative;
>
> (m)  Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;
>
> (n)  Insufficiency of packing;

(p) Latent defects not discoverable by due diligence; and Defendants claim the benefit of these provisions as appropriate.

(q) Any other cause arising without the actual fault of the privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault of privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage.

### FIFTH AFFIRMATIVE DEFENSE

14. This action should be dismissed or transferred on the basis of *forum non conveniens*.

### SIXTH AFFIRMATIVE DEFENSE

16. This action should be dismissed on the basis that the Plaintiff has filed a claim in a prior pending action instituted in the London High Court in which it have voluntarily appeared.

### SEVENTH AFFIRMATIVE DEFENSE

17. The Defendant' liability is limited pursuant to the Shipowners Limitation of Liability Act, 46 U.S.C. § 183, *et seq*.

### EIGHTH AFFIRMATIVE DEFENSE

18. Plaintiff failed to provide timely notice of the claim to the Metvale Defendants.

4

WHEREFORE, Metvale Defendants pray that this court enter judgment in favor of these answering Defendants against Plaintiff and that these answering Defendants be granted such other and further relief as to this court seems just and proper, including sanctions, costs and counsel fees.

Dated: New York, NY
April 9, 2008

                              TISDALE LAW OFFICES, LLC
                              Attorneys for Defendants
                              Metvale Limited and Metvale
                              Limited Partnership

By:      /s/
       Thomas L. Tisdale (TT5263)
       Lauren C. Davies (LD1980)
       ttisdale@tisdale-law.com
       ldavies@tisdale-law.com
       11 West 42nd Street, Suite 900
       New York, NY 10036
       Tel: (212)354-0025
       Fax: (212) 869-0067

## AFFIRMATION OF SERVICE

I hereby certify that on April 9, 2008, a copy of the foregoing ANSWER OF METVALE LIMITED AND METVALE LIMITED PARTNERSHIP WITH AFFIRMATIVE DEFENSES was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                                                                            /s/
                                                    Thomas L. Tisdale